ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| INGRID HAJEK<br>RECURRENTE<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DEL MAR; JUNTA DE DIRECTORES DEL CONDOMINIO VILLAS DEL MAR; VÍCTOR A. FIGUEROA COLÓN; ET ALS<br>RECURRIDO | KLRA202300644 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Núm. C-SAN-2019-0004542<br><br>Sobre:<br>Ley de Condominios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Comparece ante esta Curia la Sra. Ingrid Hajek (Sra. Hajek o recurrente) y nos solicita que revoquemos la *Resolución*[1] del Departamento de Asunto del Consumidor (DACo), notificada el 13 de noviembre de 2023. Mediante el referido dictamen, el DACo desestimó la *Querella al Amparo de la Ley de Condominios*[2] que instó la Sra. Hajek en contra del Consejo de Titulares Condominio Villas de Mar, Junta de Directores del Condominio Villas del Mar, Víctor A. Figueroa Colón y otros querellados de nombre desconocido (Querellados o Condominio).

Por los fundamentos que exponemos a continuación, confirmamos el dictamen impugnado. Veamos.

**I.**

La Sra. Hajek, residente de Las Vegas, Nevada, es titular del apartamento 17-L del Condominio Villas del Mar, ubicado en el

---

[1] Apéndice, págs. 106-114.
[2] Apéndice, págs. 1-8.

Número Identificador

SEN2024_____

Municipio de Carolina. El referido inmueble está sometido al régimen de propiedad horizontal. El 28 de noviembre de 2018, la Sra. Hajek advino en conocimiento de que la administración del Condominio no permitió la instalación de tormenteras en su apartamento por ser color blanco. En igual fecha, la Sra. Alma Forastieri -en calidad de administradora de la propiedad y en representación de la Sra. Hajek- envió un correo electrónico al Condominio en el cual solicitó una copia del documento oficial que establece el color y tipo de tormentera permitido y las minutas de la Asamblea en la cual se acordó dicha reglamentación.

Al día siguiente, antes de recibir contestación del Condominio, la Sra. Hajek envió otro correo electrónico a los querellados en donde solicitó dialogar sobre este asunto y que se le autorice instalar las tormenteras color blanco. El 2 de diciembre de 2018, la Sra. Hajek reiteró su solicitud al Condominio ante la inacción del Condominio. Debido a que ninguna de las comunicaciones detalladas le fue contestada, el 16 de diciembre de 2018, la Sra. Hayek remitió un nuevo correo electrónico sobre el particular y allí advirtió que presentaría una querella ante el DACo, de no recibir respuesta del Condominio.

En reacción, el 18 de diciembre de 2018, el Sr. Víctor Figueroa, presidente de la Junta de Directores del Condominio, replicó por correo electrónico a la Sra. Hajek. En su misiva, expuso que "la Junta de Directores no podía permitir la instalación de las tormenteras a base de una decisión del Consejo de Titulares que fue tomada hace tiempo, donde los colores permitidos para las tormenteras era color bronce o color acero inoxidable."[3] Informó, además, que lo antes responde al interés de preservar la uniformidad de la fachada del Condominio.

En desacuerdo, el 14 de marzo de 2019, la Sra. Hajek instó la querella de epígrafe ante el DACo. En ella, suplicó que se le ordene

---

[3] Apéndice, pág. 108.

a los Querellados permitirle instalar las tormenteras. Además, reclamó el resarcimiento de las angustias mentales y los daños sufridos, entre otros, los costos de almacenamiento de las tormenteras y las rentas dejadas de percibir.

Por su parte, el Condominio contestó la querella y, separadamente, instó un petitorio de desestimación. Arguyó que el DACo carece de jurisdicción debido a que la Sra. Hajek incumplió con el agotamiento del procedimiento de reclamación que dispone el entonces vigente Artículo 42(a) de la Ley Núm. 104 de 23 de junio de 1958, Ley de Propiedad Horizontal,[4] 31 LPRA sec. 1293f, previo a instar la querella de epígrafe ante el foro administrativo y con el término de treinta (30) días para instar la acción impugnatoria.

Evaluada la solicitud de desestimación y la correspondiente oposición de la Sra. Hajek, el DACo emitió el dictamen impugnado, mediante el cual, desestimó la querella de epígrafe. Concluyó que, la Sra. Hajek instó la querella ante sí fuera del término de treinta (30) días que dispone el Artículo 42(a) de la Ley de Propiedad Horizontal, *supra*. Lo antes, al presentar la querella el 14 de marzo de 2019 solicitando la revisión de un dictamen que le fue notificado el 18 de diciembre de 2018.

En desacuerdo, la Sra. Hajek acude ante esta Curia en revisión judicial y plantea en su recurso lo siguiente:

> Erró el DACo al desestimar la Querella por haberse presentado fuera de t[é]rmino, a pesar de que se recurrió en tiempo de una decisión de [la] Junta de Directores inadecuada, ilegal e inválida, la cual omitió fundamentar una representación y conclusión, falsa y, por tanto, fraudulenta.

En cumplimiento con nuestra *Resolución*, emitida el 18 de diciembre de 2023, el Condominio instó su alegato en oposición. Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. Ley de Propiedad Horizontal**

---

[4] Según enmendada por la Ley Núm. 157 de 4 de junio de 1976.

El Artículo 42 de la entonces vigente Ley de Propiedad Horizontal, *supra*, regula el procedimiento para impugnar las determinaciones, omisiones o actuaciones de la Junta de Directores. A esos fines, concede a los titulares un término de treinta (30) días para impugnar los acuerdos y determinaciones que estiman son gravemente perjudiciales. *Srio. D.A.C.O. v. J. Condóminos C. Martí,* 121 DPR 807, 819 (1988). En lo pertinente, el Artículo 42 dispone:

> Los acuerdos del Consejo de Titulares y las determinaciones, omisiones o actuaciones del Director o de la Junta de Directores, del titular que somete el inmueble al régimen que establece este capítulo, durante el período de administración que contempla la sec. 1293-1 de este título, del Presidente y del Secretario, concernientes a la administración de inmuebles que no comprendan apartamientos destinados a vivienda o de titulares de apartamientos no residenciales en los condominios en donde exista por lo menos un apartamiento dedicado a vivienda, serán impugnables ante el Tribunal de Primera Instancia por cualquier titular que estimase que el acuerdo, determinación, omisión o actuación en cuestión es gravemente perjudicial para él o para la comunidad de titulares o es contrario a la ley, a la escritura de constitución o al Reglamento a que hace referencia la sec. 1293 de este título. Las impugnaciones por los titulares de apartamientos destinados a viviendas se presentarán ante el Departamento de Asuntos del Consumidor.
>
> (a) En las reclamaciones contra el Agente Administrador o la Junta de Directores se observará el siguiente procedimiento:
>
> (1) [...]
>
> (2) Todo titular que presente una querella ante cualquier tribunal o foro pertinente impugnando cualquier acción u omisión de la Junta de Directores, deberá demostrar que agotó el siguiente procedimiento:
>
>> A. Haber solicitado por escrito la dilucidación de su reclamo ante la Junta de Directores y que ésta no atendió sus planteamientos en un plazo de treinta (30) días desde el acuse de recibo de la reclamación. Esta reclamación deberá presentarse ante la Junta dentro de los treinta (30) días siguientes a la fecha en que se tomó el acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación. Si se tratare de una actuación u omisión perjudicial, el plazo para presentar la reclamación, será dentro de los treinta (30) días siguientes a la fecha en que el titular tenga conocimiento de tal actuación u omisión perjudicial.
>>
>> B. [...]
>>
>> C. [...]

> **La acción de impugnación ante el foro apropiado de acuerdos y determinaciones que el titular estimase gravemente perjudiciales para él o para la comunidad de titulares deberá ejercitarse dentro de los treinta (30) días siguientes a la notificación por la Junta o por el Comité de Conciliación de una decisión adversa al titular**, o dentro de los treinta (30) días desde que fuere evidente que la Junta o el Comité de Conciliación no habría de tomar acción frente a la reclamación del titular, o en cualquier caso luego de transcurridos noventa (90) días desde que el querellante presentara su reclamación ante la Junta. (Énfasis nuestro.)

### III.

En el presente caso debemos resolver si fue razonable la actuación del DACo de desestimar la querella de epígrafe. A la luz de las normas de derecho antes discutidas entendemos que el error imputado no se cometió. Nos explicamos.

En su recurso, la Sra. Hajek cuestiona la actuación del DACo de desestimar la querella de epígrafe por falta de jurisdicción. La recurrente expone los múltiples requerimientos que hizo al Condominio para que le proveyera una copia de las reglas y de los acuerdos presuntamente adoptados por el Consejo de Titulares sobre la instalación de tormenteras en los apartamentos, en los cuales fundamentó su denegatoria a permitirle instalar tormenteras blancas en su apartamento. La recurrente hizo constar que, a esos efectos, remitió al Condominio diversos correos electrónicos, a saber: el 28 y 29 de noviembre de 2018; el 2, 12 y 16 de diciembre de 2018; y el 13 de febrero de 2019. Arguye que, hasta tanto el Condominio no produzca cuál es la base para su decisión adversa, no existe una determinación revisable ante el DACo.

De otra parte el Condominio alega que, la prueba documental que presentó la recurrente ante el DACo refleja su incumplimiento con el Artículo 42 de la entonces vigente Ley de Propiedad Horizontal, *supra,* el cual presuntamente exige tanto el agotamiento del proceso de reclamación ante el Comité de Conciliación del Consejo de Titulares -previo a recurrir ante el foro administrativo- como acudir ante el DACo dentro del término de treinta (30) días a

partir de la notificación de la determinación impugnada. Tiene razón.

Según reseñado, el Artículo 42 de la Ley de Condominios, *supra,* obliga al titular que interese impugnar una acción u omisión de la Junta de Directores a incoar la correspondiente reclamación ante el DACo dentro de los treinta (30) días siguientes a la notificación de la decisión que le resultó adversa. Puntualizamos que, el dictamen del Condominio que le fue adverso a la Sra. Hajek le fue notificado el 18 de diciembre de 2018 -vía correo electrónico-. No obstante lo anterior, la Sra. Hajek acudió en revisión ante el DACo el día ochenta y seis (86) desde que fue notificada del referido dictamen. Cabe destacar que, el correo electrónico que la recurrente envió al Condominio el 13 de febrero de 2019[5] -con posterioridad a la determinación cuestionada- no impugnó el referido dictamen sino que se limitó a hacer un requerimiento de documentos.

En atención a lo anterior concluimos que, actuó correctamente el DACo al declararse sin jurisdicción para atender la reclamación que instó tardíamente la Sra. Hajek ante sí. Por consiguiente, no erró el DACo al declarar Ha Lugar el petitorio de desestimación por falta de jurisdicción que instó el Condominio. Consecuentemente, confirmamos el dictamen recurrido. El error señalado no se cometió.

**IV.**

Por los fundamentos antes expresados, confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Apéndice, pág. 17.